UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIRECTV, INC., | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) 1:03-cv-1768-DFH-WTL |
| | ) |
| RODNEY D. MCLEMORE, | ) |
| | ) |
|    Defendant. | ) |

**REPORT AND RECOMMENDATION REGARDING DEFAULT JUDGMENT**

     Before this Court is Plaintiff Directv's Motion for Default Judgment against Defendant Rodney McLemore. A hearing was held on August 12, 2005. Defendant did not file any opposition to Plaintiff's Motion, nor did he appear at the hearing. As Defendant has not consented to the jurisdiction of a United States Magistrate Judge, this Court will prepare the following Report and Recommendation Regarding Default Judgment for District Court Judge David F. Hamilton.

     On November 26, 2003, Plaintiff filed this action against Defendant alleging violations of the Federal Communications Act of 1984, as amended, 47 U.S.C. § 605, as well as the Electronic Communications Privacy Act (ECPA), 18 U.S.C. §§ 2510-2521. Plaintiff also alleged deception, fraud, conversion, and theft under Ind. Code § 35-43-5, *et seq*.[1] Plaintiff effected service of process against Defendant on February 1, 2004. After Defendant failed to respond to the Complaint, and upon Plaintiff's request, the Clerk of this Court entered her default under Federal Rule of Civil Procedure 55(a) on October 15, 2004. On April 20, 2005, District Court Judge David F. Hamilton designated this Court, pursuant to 28 U.S.C. §

---

[1] Plaintiff withdrew Count V of its Complaint at the August 12, 2005, hearing.

636(b)(1)(B), to issue a Report and Recommendation regarding the proper disposition of this matter consistent with Federal Rule of Civil Procedure 55(b)(2). Subsequently, this Court set a damages hearing for August 12, 2005.

Pursuant to Rule 55(b)(2), a court may enter default judgment against a party when default has already been entered by the clerk. Fed. R. Civ. P. 55(b)(2). A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. *Id.*; 50 App. U.S.C. § 521. This Court has no reason to believe that the Defendant is a minor or otherwise incompetent. Further, Plaintiff filed its Affidavit of Non-Military Status on August 22, 2005. (See Docket No. 17.) By his default, Defendant is deemed to have admitted the well-pleaded averments of the Complaint except for those regarding the amount of damages. Fed. R. Civ. P. 8(d).

Plaintiff now seeks statutory damages against Defendant for violating 18 U.S.C. § 2511. 18 U.S.C. § 2511 of the ECPA provides that "any person who intentionally intercepts, endeavors to intercept, or procures any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication..." commits a federal offense. 18 U.S.C. § 2511. 18 U.S.C. § 2520 creates a private right of action for any person, including a corporation, "whose wire, oral, or electronic communication is intercepted." 18 U.S.C. § 2510(6), 2520(a). Satellite transmissions are electronic communications protected under the ECPA. *See Directv, Inc. v. Lovejoy,* 366 F. Supp. 2d 132, 136 (D. Me. 2005)(citing *United States v. Shriver*, 989 F.2d 898, 901 (7th Cir. 1992)).

Having reviewed Plaintiff's Complaint, this Court finds that the allegations are sufficiently well-pled to establish Defendant's liability under 18 U.S.C. § 2511. Plaintiff alleges that it has "invested billions of dollars to develop a satellite system capable of transmitting

various digitized video and audio signals to homes and businesses nationwide to be used for entertainment purposes." (See Compl. at pgs. 1-2.)  According to Plaintiff, "Defendant intentionally intercepted, endeavored to intercept, or procured other persons to intercept electronic communications from DIRECTV." (*Id.* at pg. 12.)

The only issue that remains is the determination of damages.  Under 18 U.S.C. § 2520(c)(2), a court may assess as damages "the greater of (A) the sum of actual damages suffered by the Plaintiff...; or (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000." 18 U.S.C. § 2520(c)(2).

Plaintiff alleges that Defendant purchased one (1) device.  Further, Plaintiff suggests that it is entitled to damages under 18 U.S.C. § 2520 at $100 for each day of the violation.  Plaintiff estimates that Defendant used the device for 1,159 days, and on this basis, contends that it would be entitled to $115,900.  The duration of violation alleged by Plaintiff is based on the number of days between the date that Defendant purchased the device and the date of the filing of the Complaint.  Plaintiff, however, has not proven that Defendant intercepted the signal for 1,159 days.  Therefore, any award of damages on a per diem basis would be purely speculative and not warranted under Fed. R. Civ. P. 55.  Therefore this Court recommends awarding $10,000 in statutory damages.

Plaintiff also seeks $500 in attorneys' fees for time and costs expended on this case. Attorneys' fees and costs are recoverable under 18 U.S.C. § 2520.  In support of its request, Plaintiff submitted an Affidavit of Attorneys' Fees on August 22, 2005. (See Docket No. 16.) The Court recognizes that this estimate is most likely less than the time and expense Plaintiff has actually incurred in this case.  Therefore, this Court recommends that Plaintiff recover a total of $500 in attorneys' fees, which are inclusive of costs incurred.

Finally, Plaintiff seeks injunctive relief under 18 U.S.C. § 2520(b)(1) which provides injunctive relief when an electronic communication is intercepted. For the reasons stated above, Defendant is deemed to have admitted to violating 18 U.S.C. § 2511. Consequently, Defendant is permanently enjoined from further violation of 18 U.S.C. § 2511, including intercepting, endeavoring to intercept, or procuring other persons to intercept DIRECTV electronic communications in violation of 18 U.S.C. § 2511. *See DIRECTV, Inc. v. Neznak*, 371 F. Supp. 2d 130, 134 n.4 (D. Conn. 2005); *DIRECTV, Inc. v. Kaas*, 294 F. Supp. 2d 1044, 1047 (N.D. Iowa 2003).

For the foregoing reasons, this Court recommends that judgment be entered in the amount of $10,500 against Defendant pursuant to 18 U.S.C. § 2520 and that post judgment interest be awarded thereon, pursuant to 28 U.S.C. § 1961.

ENTERED this 24th day of January, 200

                                        Hon. William T. Lawrence, Magistrate Judge
                                        United States District Court
                                        Southern District of Indiana

Distribution:

Michael A. Wilkins
ICE MILLER LLP
wilkins@icemiller.com

Rodney D. McLemore
6605 Lake Knoll Dr.
Indianapolis, IN 46220